UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERXIONG XU, A-241-304-330,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY
DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-2992-DJC-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Erxiong Xu proceeds on a first amended petition under 28 U.S.C. § 2241 challenging his detention by Immigrations and Customs Enforcement ("ICE"). On May 8, 2026, respondents filed a motion to dismiss the petition asserting the claims in the petition are moot because petitioner was released from respondents' custody on April 30, 2026. (ECF No. 14.) Petitioner filed an opposition to the motion to dismiss. (ECF No. 15.)

For a habeas petition to continue to present a live controversy after a petitioner's release or deportation, there must be some remaining "collateral consequence" that may be redressed by success on the petition. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Here, the single authority cited by respondent in the motion to dismiss does not support dismissing this case as moot. In that case, the Ninth Circuit held a habeas petition was moot where the petitioner challenged only the length of his detention, was subsequently deported, and asserted no collateral consequences of deportation that his original petition could have redressed. Abdala v. INS, 488 F.3d 1061, 1065 (9th Cir. 2007).

1

Here, in contrast, the Release Notification submitted by respondents reflects petitioner was released pending his removal. (ECF No. 14-1.) A party "claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 190 (2000). Respondents have not provided any evidence demonstrating petitioner cannot reasonably expect to be re-detained. To the contrary, it appears petitioner continues to face a risk of future re-detention pending removal if the present petition is not adjudicated on the merits.

Accordingly, IT IS RECOMMENDED that respondents' motion to dismiss (ECF No. 14-1) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 1, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 xu2992.mtd

2