UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERXIONG XU, A-241-304-330,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No. 1:26-cv-02992-DJC-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner proceeds through appointed counsel on an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] (ECF No. 12.) Respondent's answer and petitioner's traverse are also before the court. (ECF Nos. 21, 22.) This matter is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) and the court's minute order on April 23, 2026. (ECF No. 6.) For the following reasons, the undersigned recommends the petition be granted.

## I. Background

Petitioner is a native of China who has been found inadmissible under the Immigration and Nationality Act (INA) and who has been granted withholding of removal under INA § 241(b)(3). (ECF No. 12 at 29-32.) The first amended petition filed on April 27, 2026, brought

[1] Petitioner filed the petition without counsel while he was previously detained.

four grounds for relief as follows: a claim under Zadvydas v. Davis, 533 U.S. 678, 687 (2001) (first claim for relief); a claim challenging the revocation of petitioner's prior release (fourth claim for relief); and two claims challenging ICE's current procedures for removal of noncitizens to third countries not identified in a removal order (second and third claims for relief). (ECF No. 12 at 13-17.) Petitioner sought release from custody, among other relief. (Id. at 19.)

On April 30, 2026, petitioner was released from ICE custody on an Order of Supervision. (ECF No. 21-1 at 1-5.) On May 8, 2026, respondents filed a motion to dismiss the petition asserting petitioner's claims were moot because he was released from respondents' custody. (ECF No. 14.) On July 15, 2026, the district judge assigned to this case adopted a recommendation to deny the motion to dismiss and referred the case back to the undersigned. (ECF No. 19.)

In their answer to the pending first amended petition, respondents argue petitioner is not currently detained, the Department of Homeland Security (DHS) has not identified a third country for petitioner's removal, and petitioner may be re-detained in the future to effectuate removal to a third country. (ECF No. 21.) Respondents also argue any claim concerning the constitutionality of that potential removal is not ripe. (Id. at 2.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

## III. Discussion

When petitioner initiated this case, he was detained under 8 U.S.C. § 1231, under which noncitizens who have final removal orders "shall" be detained for the first 90 days after their removal orders are finalized (known as the "removal period"), 8 U.S.C. § 1231(a)(2), and "may be detained beyond the removal period," id., § 1231(a)(6). Subsequent to filing the petition, petitioner was released on an Order of Supervision. (ECF No. 21-1 at 1-5.) Thus, petitioner's first and fourth grounds for relief are moot to the extent they seek release from custody.

However, respondents do not dispute petitioner's claim that DHS failed to follow its own procedures in revoking his prior release following a final order of removal. Respondents also argue DHS may re-detain petitioner. Accordingly, petitioner continues to face a risk of future unlawful re-detention without an order enjoining respondents from re-detaining him without adequate procedural protections.

Two DHS regulations, 8 C.F.R §§ 241.4(l) and 241.13(i), govern how and when the agency may revoke release on an order of supervision and re-detain a noncitizen such as petitioner. See Uzzhina v. Chestnut, No. 1:25-CV-01594-DAD-SCR, 2025 WL 3458787, at *3-4 (E.D. Cal. Dec. 2, 2025) (explaining how and when DHS may revoke release on an order of supervision). Both regulations require that the noncitizen be notified of the reasons for the revocation of his or her release and be promptly afforded an informal interview to respond to the reasons for revocation. 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3). If a noncitizen remains detained, the regulations state that a second hearing is to be provided by the agency. 8 C.F.R. §§ 241.4(l)(3), 241.13(j). For the reasons explained in Uzzhina v. Chestnut, 2025 WL 3458787, at *3-5, and Phan v. Beccerra, No. 2:25-CV-01757-DC-JDP, 2025 WL 1993735, at *3-5 (E.D. Cal. July 16, 2025) (finding the petitioner likely to succeed on claim that his re-detention was unlawful where release was not properly revoked pursuant to § 241.13), the undersigned recommends respondents be enjoined and restrained from re-detaining petitioner for any purpose, without a hearing before an immigration judge (IJ) to determine whether his re-detention would be lawful because the government has shown that his removal is reasonably foreseeable, or because circumstances have changed such that he is now a danger or a flight risk.

Petitioner's request for an injunction prohibiting his removal to a third country under any circumstances should be denied as speculative. Petitioner does not allege any specific facts supporting this claim, such as identifying a target third country where he might suffer persecution or torture. See, e.g., Arenado-Borges v. Bondi, No. 2:25-CV-02193-JNW, 2025 WL 3687518, at *7 (W.D. Wash. Dec. 19, 2025) (noting that other cases enjoining third country removals had findings "specific to a particular population and particular destination countries").

////

Petitioner is entitled to notice and a meaningful opportunity to be heard prior to any attempted third country removal. See, e.g., A.A.M. v. Andrews, 815 F. Supp. 3d 1124, 1134 (E.D. Cal. 2025) (joining "numerous courts in the Ninth Circuit" to hold a habeas court has jurisdiction to prevent removal absent statutory and constitutional due process requirements). It is unlawful for DHS to remove a noncitizen to a country where the noncitizen's life or freedom would be threatened. 8 U.S.C. § 1231(b)(3). Noncitizens in the United States are protected by the Fifth Amendment's due process clause, which requires DHS to give a noncitizen notice and an opportunity to be heard prior to any removal to a country not designated by an IJ. See, e.g., A.A.M. v. Andrews, 815 F. Supp. 3d at 1134; Aden v. Nielsen, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019); Pham v. Warden, 833 F. Supp. 3d 1092, 1115-16 (E.D. Cal. 2026); Al-Kashif v. Albarran, No. 1:26-CV-02594-DAD-CKD, 2026 WL 972785, at *2 (E.D. Cal. Apr. 10, 2026).

In the counseled traverse, petitioner argues that even if respondents have not specifically indicated they seek to remove him to a third country, his claim is not speculative because they are actively following their third country removal policy. (ECF No. 16 at 3-6.) The record indicates petitioner has been subject to a final order of removal for several years and the government has been unable to remove him to China. Respondents specifically argue DHS may re-detain petitioner to effectuate his removal to a third country and make no representation that he will be provided any notice or other procedural protections. Under these circumstances, the undersigned recommends the court order that DHS must take certain steps prior to removing petitioner to a third country not designated by an IJ to ensure compliance with 8 U.S.C. § 1231(b)(3) and due process. See A.A.M. v. Andrews, 815 F. Supp. 3d at 1134; Escobar v. Chestnut, 2025 WL 3687639, at *4.

**IV. Recommendation**

In accordance with the above, IT IS RECOMMENDED as follows:

1. The petition for writ of a habeas corpus be GRANTED.
2. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner without a hearing before an immigration judge to determine whether his re-detention would be lawful because the government has shown that his removal is reasonably

foreseeable, or because circumstances have changed such that he is now a danger or a flight risk, and that the neutral adjudicator must consider whether alternatives to detention exist to mitigate any risk that DHS may establish.

3. Respondents also be ENJOINED AND RESTRAINED from effectuating petitioner's third country removal to a country not designated by an IJ without first:

   a. Providing petitioner and petitioner's counsel with written notice in a language petitioner can understand at least 21 days before any such removal;

   b. Following notice, petitioner must be given a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for CAT protection prior to removal;

   c. If petitioner demonstrates "reasonable fear" of removal to the third country, respondents must move to reopen his immigration proceedings;

   d. If petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, respondents must provide a meaningful opportunity, and a minimum of 15 days, for petitioner to seek reopening of his immigration proceedings.

4. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 14, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 xu2992.mer